**Fred A. STEPHENS, Petitioner–Appellant,**

v.

**Maggie MILLER–STOUT, Respondent–Appellee.**

No. 03–35696.

United States Court of Appeals, Ninth Circuit.

Submitted July 25, 2006.*

Filed Oct. 17, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Fred A. Stephens, Monroe, WA, pro se.

Donna H. Mullen, Esq., AGWA–Office of the Washington Attorney General, Criminal Justice Division, Olympia, WA, for Respondent–Appellee.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

Fred A. Stephens, a Washington State prisoner convicted in 1995 of first-degree murder and serving a sentence of 332 months, appeals from the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction under 28 U.S.C. § 2253. We review the district court's dismissal of the petition de novo, *see Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir.2004), and we affirm.

Stephens alleges his trial counsel provided ineffective assistance by failing to investigate evidence that Stephens claims would have proven his innocence. The Washington Supreme Court concluded that the evidence Stephens claims his counsel should have discovered was either speculative or of little exculpatory value, and that therefore Stephens had not shown that his counsel was deficient or, that given the entire record, the outcome would have been different but for counsel's failure to investigate. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

This conclusion is not contrary to, nor does it involve an unreasonable application of, the clearly established federal law regarding ineffective assistance of counsel. *See Robinson*, 360 F.3d at 1055 (describing standard for habeas review of the last reasoned decision of the highest state court). The various evidence Stephens argues that counsel should have discovered, alone or in combination, would not have exculpated him, and counsel made many of the arguments that could have been based on such evidence. Counsel was not deficient for failure to investigate. *See Strickland*, 466 U.S. at 691, 104 S.Ct. 2052.

We construe Stephen's briefing of two uncertified issues as a motion to expand the Certificate of Appealability. *See* 9th Cir. R. 22–1(e). Stephens was not denied his right to counsel to file a motion for a new trial; he was represented by trial counsel, and his right to counsel was not implicated by the trial court's refusal to appoint him substitute counsel. Stephens received a full and fair hearing in state court on his fourth amendment claims. We decline to expand the Certificate of Appealability.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.